**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN JOHN BEEGLE | : | |
| | : | |
| Appellant | : | No. 277 WDA 2023 |

Appeal from the Judgment of Sentence Entered January 17, 2023
In the Court of Common Pleas of Bedford County Criminal Division at
No(s): CP-05-CR-0000313-2019,
CP-05-CR-0000330-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN JOHN BEEGLE | : | |
| | : | |
| Appellant | : | No. 278 WDA 2023 |

Appeal from the Judgment of Sentence Entered January 17, 2023
In the Court of Common Pleas of Bedford County Criminal Division at
No(s): CP-05-CR-0000313-2019,
CP-05-CR-0000330-2019

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED: December 21, 2023**

Appellant Steven John Beegle appeals the judgment of sentence entered

by the Court of Common Pleas of Bedford County to multiple counts of

corruption of minors, indecent exposure, open lewdness, and intimidating a

---

[*] Former Justice specially assigned to the Superior Court.

witness. Appellant claims the trial court erred in refusing to stay his registration requirements under the Sexual Offender Registration and Notification Act (SORNA). We affirm.

The relevant factual background and procedural history of this case are as follows. On August 6, 2021, Appellant entered a negotiated no contest plea on dockets 313-2019 and 330-2019 to four counts of corruption of minors (third-degree felonies), two counts of corruption of minors (first-degree misdemeanors), four counts of indecent exposure, four counts of open lewdness, and one count of intimidating a witness.[1] Appellant negotiated an aggregate sentence of seven to twenty years' imprisonment.

On January 5, 2023, Appellant sought to withdraw his guilty plea. On January 17, 2023, the trial court denied Appellant's request to withdraw his guilty plea, sentenced Appellant according to the terms of his plea agreement, and determined that he was a Sexually Violent Predator (SVP). The trial court also denied Appellant's request to stay his SORNA requirements pending the remand decision in *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020).

On January 19, 2023, Appellant filed a post-sentence motion and on January 23, 2023, filed an amended post-sentence motion. Appellant asked the trial court to reconsider 1) his request to withdraw his plea, 2) its SVP determination, and 3) his request that his SORNA requirements be stayed.

---

[1] 18 Pa.C.S.A. §§ 6301(a)(1)(ii), 6301(a)(1)(i), 3127(a), 5901, and 4952(a)(1), respectively.

After the trial court held a hearing on February 27, 2023, the trial court entered one order for both dockets on March 2, 2023, granting Appellant's motion in part by vacating his SVP status, but denied Appellant's post-sentence motion in all other respects. On March 6, 2023, Appellant filed a timely notice of appeal at each docket.[2]

Appellant raises one issue for our review on appeal: "[w]hether [the trial court] committed err[or] by denying Appellant's request to stay the application of SORNA requirements pending appellate review of the decision of the Honorable Alison Bell Royer in **Commonwealth v. Torsilieri** related to the constitutionality of SORNA?" Appellant's Brief, at 7. Specifically, Appellant claims that SORNA "is clearly punitive in nature and contains an irrebuttable presumption that Appellant is at high risk of recidivism though not supported by the record." **Id**. at 14.

_____

[2] We recognize that Appellant filed two notices of appeal listing both docket numbers. Our Supreme Court has held that separate notices of appeal are required when a single order resolves issues arising on more than one trial court docket. **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018), _overruled in part_, **Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021) (reaffirming **Walker**, but holding that amended Pa.R.A.P. 902 allows appellate court to exercise discretion to allow correction of the error where appropriate); **see** Pa.R.A.P. 902 (amended May 18, 2023).
  We also note that in **Commonwealth v. Johnson**, 236 A.3d 1141 (Pa.Super. 2020) (_en banc_), this Court held that even if an appellant lists multiple trial court docket numbers in their notices of appeal, the appeals may proceed if the appellant filed the appropriate number of notices of appeal. **Id.** at 1148. As Appellant filed two notices of appeal, Appellant has substantially complied with the requirements of **Walker**. **See Johnson**, 236 A.3d at 1148.

In **_Torsilieri_**, the Commonwealth appealed from the trial court's determination that Revised Subchapter H of SORNA violates numerous constitutional protections by employing an irrebuttable presumption that "all sexual offenders are dangerous and pose a high risk of recidivation, necessitating registration and notification procedures to protect the public from recidivist sexual offenders." **_Torsilieri_**, 232 A.3d at 573.

The Supreme Court in **_Torsilieri_** recognized that "while courts are empowered to enforce constitutional rights, they should remain mindful that the wisdom of a public policy is one for the legislature, and the General Assembly's enactments are entitled to a strong presumption of constitutionality rebuttable only by a demonstration that they clearly, plainly, and palpably violate constitutional requirements." **_See id_**. at 596. Further, the Supreme Court emphasized that "it will be a rare situation where a court would reevaluate a legislative policy determination, which can only be justified in a case involving the infringement of constitutional rights and a consensus of scientific evidence undermining the legislative determination." **_Id._**

Thus, as the Supreme Court in **_Torsilieri_** determined that the record was not sufficient to determine whether the appellee had undermined the validity of the legislative findings underlying Revised Subchapter H, the Supreme Court remanded the case for a full evidentiary hearing "to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting offenders' constitutional rights." **_Torsilieri_**, 232 A.3d at 595.

In this case, although Appellant claimed at sentencing and in his post-sentence motion that he was entitled to a stay of his registration requirements under Revised Subchapter H pursuant to *Torsilieri,* Appellant did not attempt to offer any scientific evidence or learned testimony to support his claims at the hearing on his post-sentence motion.

In similar circumstances, this Court has found that an appellant fails to satisfy his burden to show that Revised Subchapter H clearly, palpably, and plainly violates the constitution by employing an irrebuttable presumption where the appellant failed to produce any scientific evidence to support his claims that underlying legislative policy infringes on [the] appellant's rights." *Commonwealth v. Villanueva-Pabon*, \_\_A.3d\_\_, 2023 PA Super 222, 2023 WL 7137301, at *7 (Pa.Super. Oct. 31, 2023). This Court determined that a party cannot successfully argue that the General Assembly's factual presumptions have been undermined by recent scientific studies without presenting any scientific studies to the trial court. *Id*. (citations omitted).

In this case, Appellant had the opportunity to present evidence to develop his *Torsilieri* claim and challenge the presumption of Revised Subchapter H's constitutionality at his post-sentence motion hearing but failed to do so. Appellant failed to recognize the *Torsilieri* Court's emphasis on the need for scientific evidence to support a challenge to the constitutional claims at issue. As such, Appellant is not entitled to relief as a matter of law by simply citing to the *Torsilieri* decision as Appellant was required to present evidence

to meet his burden to challenge to show Revised Subchapter H clearly, palpably, and plainly violates the constitution.

For the foregoing reasons, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

12/21/2023