J-S12027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACOB WILLIAM VOSS | : | |
| | : | |
| Appellant | : | No. 1816 EDA 2023 |

Appeal from the Judgment of Sentence Entered May 3, 2023
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0000590-2022

BEFORE: DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.:          **FILED SEPTEMBER 18, 2024**

Jacob William Voss ("Voss") appeals from the judgment of sentence imposed after he pleaded guilty to sexual abuse of children—possession of child pornography.[1] Voss challenges the constitutionality of the current version Subchapter H of the Sexual Offender Registration and Notification Act ("SORNA").[2] We affirm.

A detailed recitation of the facts is unnecessary to the disposition of this appeal. In February 2022, investigators discovered images of child pornography on Voss's computer and phone.[3] In February 2023, Voss entered a negotiated guilty plea to five counts of sexual abuse of children with the

---

[1] **See** 18 Pa.C.S.A. § 6312(d).

[2] **See** 42 Pa.C.S.A. §§ 9799.11-9799.42 (as amended effective 2018) (hereinafter, "Subchapter H").

[3] Voss was eighteen years old at the time.

Commonwealth recommending an aggregate sentence of eleven-and-one-half to twenty-three months of imprisonment, followed by three years of probation. Voss signed an acknowledgement of the fifteen-year registration requirements for committing Tier-1 sexual offenses,[4] and the trial court deferred sentencing for a Sexual Offenders Assessment Board ("SOAB") evaluation. At the sentencing hearing in May 2023, the parties noted the SOAB determined that Voss was not a sexually violent predator. The court thereafter imposed the agreed-upon aggregate sentence of eleven-and-one-half to twenty-three months of imprisonment, followed by three years of probation.

Voss filed a timely post-sentence motion challenging the constitutionality of Subchapter H based on the 2022 court of common pleas decision in *Commonwealth v. Torsilieri*.[5] At the hearing on the motion,

---

[4] *See* 42 Pa.C.S.A. §§ 9799.14(b)(9) (categorizing possession of child pornography as a Tier-1 offense), 9799.15(a)(1) (stating the general rule that an individual convicted of a Tier-1 offense shall register for a period of fifteen years).

[5] Voss's counsel consistently raised objections to the constitutionality of Subchapter H at the plea hearing, in a presentence motions, at the sentencing hearing, and in his post-sentence motion. Each time, Voss referenced the 2022 court of common pleas decision in *Torsilieri*, a case with a procedural history that included: a 2018 decision by the court of common pleas finding Subchapter H unconstitutional; a 2020 remand by our Supreme Court; the 2022 common pleas court decision again finding Subchapter H unconstitutional; and the most recent decision by the Supreme Court reversing the court of common pleas and upholding the constitutionality of Subchapter H. *See Commonwealth v. Torsilieri*, No. CP-15-CR-1570-2016 (C.C.P. (Chester) July 10, 2018), *vacated and remanded*, 232 A.3d 567 (Pa.
*(Footnote Continued Next Page)*

Voss's counsel presented the trial court with the respective affidavit, report, and declaration from three experts. **See** N.T., 5/31/23, at 5-10; **see also** Voss's Exhibits 1-3.[6]  The Commonwealth objected to the documents based on hearsay and relevance. **See** N.T., 5/31/23, at 7, 9-10.  Voss's counsel offered proof of the contents of the three documents but did not respond to the Commonwealth's evidentiary objections. **See id**. at 5-10.  The trial court took the matter under advisement without immediately ruling on the Commonwealth's objections.  Later that same day, the trial court entered an order sustaining the Commonwealth's hearsay objections and denying Voss's post-sentence motion.  Voss timely appealed, and he complied with the trial court's order to submit a Pa.R.A.P. 1925(b) statement.[7]

Voss raises the following issues, and subparts, for review:

1. Whether that portion of the sentence imposing SORNA registration requirements should be vacated because [Subchapter

2020) ("**Torsilieri I**"), *decision after remand*, No. CP-15-CR-1570-2016 (C.C.P. (Chester) Aug. 23, 2022), *rev'd*, 316 A.3d 77, 79 (Pa. 2024) ("**Torsilieri II**").  Our Supreme Court decided **Torsilieri II** during the pendency of this appeal.

[6] Voss relied on documents similar to those Torsilieri presented to the court of common pleas before that court's decision in 2018. **Cf. Torsilieri I**, 232 A.3d at 574 (indicating the court of common pleas permitted Torsilieri to "introduce affidavits and supporting documents of three experts concluding that sexual offenders generally have low recidivism rates and questioning the effectiveness of sexual offender registration systems").  As noted herein, the trial court did not admit the documents into evidence in this case.

[7] The trial court did not file a separate Rule 1925(a) opinion, but referred this Court to the transcript of the sentencing hearing.

H] on its face and as applied[8] . . . under the United States and Pennsylvania Constitutions in the following ways:

A. Whether . . . Subchapter H . . . denies [Voss] due process under the Pennsylvania Constitut[]ion because it creates an irrebuttable presumption that those convicted of enumerated offenses "pose a high risk of committing additional sexual offenses" depriving those individuals of their fundamental right to reputation without notice and an opportunity to be heard?

B. Whether [Subchapter H] denies [Voss] procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution because it unlawfully restricts liberty and privacy without notice and an opportunity to be heard?

C. Whether [Subchapter H] violates substantive due process under the state and Federal constitutions, U.S. Const. Amend. XIV; PA. Const. Art I, § 1, because SORNA deprives individuals of inalienable rights and fails to satisfy strict scrutiny?

D. Whether [Subchapter H], is in all material respects identical to [the prior version of] SORNA and therefore a punitive law?

E. Does [Subchapter H], as a penal law, violate the separation of powers doctrine because it usurps the exclusive judicial function of imposing a sentence?

F. Whether [Subchapter H] contravenes the 5th, 6th and 14th Amendments of the United States Constitution and the corresponding protections of the Pennsylvania Constitution

_____

[8] Although Voss refers to an as-applied challenge, his arguments do not allege the Subchapter H's application "to a particular person under particular circumstances deprives that person of a constitutional right." *See* ***Commonwealth v. Muhammad***, 241 A.3d 1149, 1155 (Pa. Super. 2020). Instead, Voss's issues and arguments are identical to Torsilieri's "broadside challenge to SORNA" based on the "harm to reputation caused by SORNA's allegedly erroneous presumption that sexual offenders pose a high risk of reoffense." ***Torsilieri II***, 316 A.3d at 92; ***accord*** Voss's Brief at 12 ("The challenges raised herein are identical the challenges raised in and ruled upon in the [2022] Chester County Court of Common Pleas decision in [***Torsilieri***]")

because as a criminal punishment, SORNA cannot be [i]mposed without due process, notice and opportunity to contest its imposition, and ensuring that each fact necessary to support the mandatory sentence and a sentence beyond the authorized statutory maximum is submitted to a jury and proven beyond a reasonable doubt . . .?

G. Whether the imposition of lifetime sex offender registration for all tier I offenses [*sic*] under [Subchapter H] is a cruel and unusual punishment . . .?

H. Whether [Voss's] sentence of fifteen (15) years [of] registration pursuant to [Subchapter H] is illegal as it is not a sentencing alternative authori[z]ed by section 9721 of the Judicial Code and the trial court therefore lacked authority to impose such a sentence?

I. Whether Voss's sentence of fifteen (15) years [of] registration pursuant to [Subchapter H] is illegal as the statutory maximum for a felony of the second degree as codified at section 1103(2) of the Crim[]es Code is ten ( 10) years.

2. Should this matter be stayed or rem[a]nded to the trial court with instructions to stay proceedings pending a res[o]lution of the issues raised and currently pending in the Pennsylvania Supreme Court . . . ?

Voss's Brief at 5-6.

As to Voss's first issue, challenging the constitutionality of Subchapter

H, the following standards govern our review:

When an appellant challenges the constitutionality of a statute, the appellant presents this Court with a question of law. Our consideration of questions of law is plenary. A statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly, palpably, and plainly violates the constitution. ***Thus, the party challenging the constitutionality of a statute has a heavy burden of persuasion***.

- 5 -

*Commonwealth v. Villanueva-Pabon*, 304 A.3d 1210, 1214 (Pa. Super. 2023) (internal citations omitted) (emphasis added), *appeal denied*, --- A.3d ---, 2024 WL 3687716 (Pa. Aug. 7, 2024).

Although not addressed by Voss, the Commonwealth argues, and we agree, *Villanueva-Pabon* is dispositive of Voss's first issue. *See* Commonwealth's Brief at 9-11. Voss, like Villanueva-Pabon, sought to substantiate his constitutional challenge to Subchapter H by presenting the trial court with documentary evidence from experts; the Commonwealth, in *Villanueva-Pabon* and the present case, objected to the admission of the documents based on hearsay; and the trial court, in both cases, sustained the Commonwealth's objections. *See id*. at 1212-13; N.T., 5/31/23, at 5-10. Voss presents this Court with merits arguments that Subchapter H is unconstitutional; however, like Villanueva-Pabon, Voss fails to argue the trial court erred when sustaining the Commonwealth's hearsay objections to the affidavit, report, and declaration proffered to support his merits claims. *See Villanueva-Pabon*, 304 A.3d at 1213-14, 1217; Voss's Brief at 5-6.[9]

In *Villanueva-Pabon*, this Court concluded:

> [I]n the absence of any meritorious argument that the court abused its discretion in sustaining the Commonwealth's objection to the proffered evidence, we are left with a record that contains no evidence from which we can evaluate the veracity of [Villanueva-Pabon] constitutional claims.

---

[9] Voss's counsel also apparently represented Villanueva-Pabon. Although counsel filed the brief in this appeal two months after this Court decided *Villanueva-Pabon*, he elected not to cite or discuss this adverse authority.

> In other words, due to the trial court's ruling sustaining the Commonwealth's objection to [Villanueva-Pabon's] proffered evidence, [Villanueva-Pabon] essentially presented no evidence to overcome the presumption of . . . Subchapter H's constitutionality.

*Id*. at 1218.

The relevant procedures, issues, and arguments in the present case are indistinguishable from those in ***Villanueva-Pabon***, and we conclude Voss "essentially presented no evidence" to support his constitutional claims. ***Id***. Thus, Voss has not carried his heavy burden of establishing Subchapter H was unconstitutional. ***See id***. at 1214, 1218.

In Voss's second issue, he requests a stay or a remand with instructions for a stay pending our Supreme Court's decision in ***Torsilieri II***. As noted above, our Supreme Court has decided ***Torsilieri II*** while this appeal was pending. Therefore, the matter of stay is moot.

We add that we have reviewed our Supreme Court's recent decision in ***Torsilieri II***. Nothing in that decision affects the holding or rationale of ***Villanueva-Pabon***. Additionally, the record establishes Voss raised his constitutional objections to preserve the same challenges as Torsilieri. Voss did not develop any new claims or attempt to present additional evidence to support his challenge. Although Voss may have hoped our Supreme Court would affirm the 2022 court of common pleas decision sustaining Torsilieri's challenges, that is not the case. Our Supreme Court, in ***Torsilieri II***, reversed the 2022 court of common pleas decision and concluded Torsilieri, who had, by that time, presented a developed evidentiary record over three days of hearings, failed to carry his burdens of establishing Subchapter H's

irrebuttable presumption was unconstitutional or Subchapter H was punitive. *See Torsilieri II*, 316 A.3d at 99, 109-10.  As Voss concedes the issues in this appeal are identical to those raised by Torsilieri, *see* Voss's Brief at 12, we conclude *Torsilieri II* would also be dispositive of the merits of Voss's constitutional challenges, were we to address them.  Accordingly, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  9/18/2024