J-S12025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SCOTT MELVIN GALANT | : | |
| | : | |
| Appellant | : | No. 1487 EDA 2020 |

Appeal from the Order Entered July 9, 2020
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0001573-2019

BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                 **FILED JANUARY 15, 2025**

Appellant Scott Melvin Galant appeals from the order[1] denying his post-sentence "Motion to Reconsider Sentence as to [Sexual Offender Registration and Notification Act[2]] registration."  Appellant argues that the trial court erred in rejecting his claims that (1) Subchapter H violates his due process and reputational rights by creating an irrebuttable presumption concerning his risk of reoffending and (2) Subchapter H is punitive.  We affirm.

Briefly, Appellant was arrested and charged for committing numerous sex offenses against a minor victim "on or about August 20, 2018."  Crim.

---

[1] This case returns following remand from the Pennsylvania Supreme Court of to reconsider Appellant's appeal following our Supreme Court's decision in **Commonwealth v. Torsilieri**, 316 A.3d 77 (Pa. 2024) (**Torsilieri II**).  **See Commonwealth v. Galant**, 322 A.3d 144 (Pa. 2024) (*per curiam* order).

[2] 42 Pa.C.S. §§ 9799.11-9799.42 (hereinafter SORNA II or Subchapter H).

Information, 4/17/19. On January 8, 2020, Appellant entered a negotiated guilty plea to rape of a child, aggravated indecent assault of a child, and indecent assault of a person less than thirteen years of age.[3,4] That same day, the trial court sentenced Appellant to an aggregate term of fifteen to fifty years' incarceration and advised Appellant of Subchapter H's lifetime registration requirements for the commission of Tier III offenses.

On January 16, 2019, Appellant filed a timely motion to reconsider his sentence in which he challenged the constitutionality of Subchapter H. The trial court conducted a hearing on July 9, 2020. In support of his motion, Appellant introduced exhibits from a prior court of common pleas decision, **Commonwealth v. Davis**, CP-09-CR-0004661-2017, which included copies of affidavits from experts opining that sex offenders did not pose a high risk of reoffending and that registration laws fail to improve community safety. **See id.** at 3. Following the hearing, the trial court denied Appellant's motion.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion concluding that Subchapter H's lifetime registration requirements were constitutional. The trial court discussed our Supreme Court's decisions in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), and **Commonwealth v. Butler**, 226

---

[3] 18 Pa.C.S. §§ 3121(c), 3125(b), and 3126(a)(7), respectively.

[4] Before entering his plea, Appellant filed pre-trial motions, which included constitutional challenges to SORNA II.

A.3d 972 (Pa. 2020), but it did not consider **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020) (**Torsilieri I**). Trial Ct. Op., 11/10/20, at 4-5.

On appeal, this Court vacated the order denying Appellant's motion and remanded for further proceedings "at which the parties can present evidence for and against the relevant legislative determinations" consistent with **Torsilieri** and **Commonwealth v. Asher**, 244 A.3d 27 (Pa. Super. 2020). **See Commonwealth v. Galant**, 1487 EDA 2020, 2021 WL 3358826, at *1 (Pa. Super. filed Aug. 3, 2021) (unpublished mem.). Appellant subsequently filed a petition for reargument in which he claimed that the parties had already developed a factual record before the trial court and that remand was unnecessary. After this Court denied Appellant's petition for reargument, our Supreme Court granted Appellant's petition for review.

In May of 2024, our Supreme Court issued a decision in **Torsilieri II**. **See Torsilieri**, 316 A.3d at 77. The **Torsilieri II** Court held that the defendant "failed to meet his burden to establish that Subchapter H's irrebuttable presumption, that sex offenders pose a high risk of reoffense, is constitutionally infirm." **Id.** at 110. The Court also determined that the defendant did not "meet his burden in demonstrating that Subchapter H constitutes criminal punishment." **Id.**

Following **Torsilieri II**, our Supreme Court granted Appellant's petition for allowance of appeal, vacated our prior memorandum, and remanded the matter to this Court for reconsideration.

Appellant presents the following questions for review:

1. Did the trial court err in finding that [Subchapter H] did not violate [A]ppellant's rights to due process of law because it creates an irrebuttable presumption which infringes upon the constitutional right to reputation?

2. Did the trial court err in finding that [Subchapter H] registration and notification provisions are not punitive in nature?

Appellant's Brief at 4.

We address Appellant's claims together. Appellant first argues that SORNA creates an irrebuttable presumption which infringes on his constitutional right to reputation. Appellant's Brief at 21. Appellant further claims that "[w]eighing the *Mendoza-Martinez*[5] factors, based upon the scientific evidence presented herein, it is clear that the majority of the factors weigh in favor of SORNA [II] being punitive" and that SORNA violates both "the Due Process and *Ex Post Facto* clauses of the United States and Pennsylvania Constitutions." *Id.* at 20.

Appellant's claims raise a question of law, for which our standard of review is *de novo*, and our scope of review is plenary. *Commonwealth v. Manzano*, 237 A.3d 1175, 1178 (Pa. Super. 2020). "[T]he party challenging the constitutionality of a statute has a heavy burden of persuasion." *Id.* at 1180 (citations omitted). "A statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly, palpably, and plainly violates the constitution." *Commonwealth v. Villanueva-Pabon*, 304 A.3d 1210,

---

[5] *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963).

1214 (Pa. Super. 2023) (citations omitted), *appeal denied*, 323 A.3d 1269 (Pa. 2024).

Our Supreme Court has explained that in order to establish a violation of the irrebuttable presumption doctrine, "a challenging party must satisfy the three-prong test of demonstrating: (1) a protected interest, (2) a presumption that is not universally true, and (3) reasonable alternative means to ascertain the presumed fact." **Torsilieri II**, 316 A.3d at 96 (citation omitted). The High Court further clarified that to satisfy the second element, an "must establish a **consensus** of scientific evidence rebutting the presumption as to the class of adult sex offenders (that they are at high risk of reoffending)." **Id.** at 98 (citing **Torsilieri I**, 232 A.3d at 583) (emphasis in original).

Here, as noted previously, the trial court conducted a hearing on Appellant's motion to vacate his SORNA registration requirements. At that time, Appellant presented filings from another Bucks County Common Pleas Court case, **Commonwealth v. Davis**, CP-09-CR-0004661-2017. While the instant appeal was pending, a panel of this Court issued a decision in **Commonwealth v. Davis**, 1572 EDA 2019, 2024 WL 4635425 (Pa. Super. filed Oct 31, 2024) (unpublished mem.),[6] which rejected the appellant's claims and affirmed the trial court's order.

---

[6] **See** Pa.R.A.P. 126(b) (stating that unpublished nonprecedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).

In addressing the **Davis** appellant's irrebuttable presumption claim, this Court explained:

> This argument is virtually identical to that considered in **Torsilieri II**, wherein the Pennsylvania Supreme Court held thusly:
>
> > To overturn the legislative presumption that sex offenders are more likely as a group to commit new sex offenses, we must conclude there is a universal consensus that this presumption is wrong. There cannot be a mere disagreement among experts; there must be clear and indisputable evidence for us to take this extraordinary step, as the General Assembly made a considered policy choice that sex crimes were uniquely abhorrent to the victims and society, and relying on the presumption that, as a group, those who commit such crimes are more likely to commit another crime of a sexual nature.
>
> **Torsilieri II**, 316 A.3d at 99.
>
> The Court further noted that all three of Torsilieri's "own experts concede that adult sexual offenders reoffend at a rate of at least three times higher than other individuals convicted of non-sexual offenses."[fn2] **Id.** (citation omitted). Thus, the evidence supported, rather than refuted, the legislative presumption.
>
> > [fn2] Notably, two of the experts whom [the a]ppellant cites extensively throughout his brief are the same as those relied upon by **Torsilieri**, namely Dr. Karl Hanson and Elizabeth Letourneau, Ph.D.[7]
>
> In light of **Torsilieri II**, [the a]ppellant's claim here must fail. Though he contends that he introduced evidence that the recidivism risk for sexual offenders "is actually quite low," this does not speak to the ultimate question raised by the legislative findings: "whether the percentage of those who have committed a sexual offense and go on to commit a second sexual offense — the group SORNA targets — is higher than the percentage of those who first commit a non-sexual offense followed by a second,

---

[7] We reiterate that Appellant's SORNA claim was based solely on the filings in the **Davis** case, which included affidavits from the same experts relied upon in **Torsilieri II**.

sexual offense." ***Torsilieri II***, 316 A.3d at 99. Despite extensively highlighting evidence of record that he purports to be favorable to his position, [the a]ppellant has done no more than at best raise a "disagreement among experts." ***Id.*** He has not provided us with clear and indisputable evidence significantly different from or stronger than that introduced by Torsilieri that the legislative presumption is incorrect. Without this, we are unwilling to take the extraordinary step of concluding that the General Assembly's policy findings are unconstitutional. Therefore, no relief is due.

***Davis***, 2024 WL 4635425 at *4-5.

In addressing the ***Davis*** appellant's claim that SORNA was punitive and violated *ex post facto* principles, the ***Davis*** Court explained:

[T]he ***Torsilieri II*** Court directly addressed whether the act's registration requirements constituted criminal punishment based on the testimony presented, opining that [the ***Torsilieri*** appellant] "did not meet his heavy burden, by the clearest of evidence, to rebut the General Assembly's stated non-punitive purpose." ***Torsilieri II***, 316 A.3d at 109-110 (analyzing the factors set forth in ***Kennedy v. Mendoza-Martinez***, 372 U.S. 144 (1963)).

\* \* \*

With respect to [the a]ppellant's argument that SORNA violates *ex post facto* prohibitions, it likewise cannot succeed in light of our High Court's finding that Subchapter H is not punitive. As the Court has recognized, "the threshold question for determining whether the retroactive application of [SORNA] . . . violates the constitutional prohibition against *ex post facto* laws is whether the requirements . . . constitute criminal punishment." ***Commonwealth v. Lacombe***, 234 A.3d 602, 618 (Pa. 2020) (citation omitted). Since [the a]ppellant has not convinced us that the provision in question is punitive, this claim similarly cannot form the basis of a successful *ex post facto* challenge.

***Id.*** at *5-6.

Here, like in **Davis**, Appellant's claims are virtually identical to those that "were specifically considered and rejected by the **Torsilieri II** Court based on evidence materially similar to that introduced" at the hearing in the instant case. **Id.** at *5. Therefore, we conclude that Appellant is not entitled to relief based on our Supreme Court's decision in **Torsilieri II**. For these reasons, we affirm.

Order affirmed. Jurisdiction relinquished.

Judge Musmanno did not participate in the consideration or decision of this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/15/2025