J-S45036-23

2024 PA Super 1

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
FRANCISCO BUENO :
:
Appellant : No. 130 MDA 2023

Appeal from the Judgment of Sentence Entered September 12, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0003790-2020

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED: JANUARY 3, 2024**

Appellant, Francisco Bueno, appeals from the judgment of sentence entered in the Court of Common Pleas of Berks County following his conviction at a bench trial on the charges of statutory sexual assault (four to eight years older) and indecent assault of a person less than sixteen years old.[1]  After a careful review, we affirm.

The relevant facts and procedural history are as follows: On January 7, 2021, the Commonwealth filed an Information charging Appellant with the crimes indicated *supra*.  On January 31, 2022, Appellant, who was represented by court-appointed counsel, proceeded to a bench trial. At the trial, the Commonwealth proved that, between September 12, 2020, and September

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3122.1(a)(1) and 3126(a)(8), respectively.

13, 2020, the victim, who was born in April of 2007, snuck out of her home and went to Appellant's home in Reading, Pennsylvania. N.T., 1/31/22, at 5-11, 15-16, 30. Appellant was born in September of 2001. *Id.* at 25. While the victim was at Appellant's house, he put his hands on and penis inside of her vagina. *Id.* at 11-12. Appellant and the victim are not married. *Id.* at 14.

At the conclusion of the bench trial, the trial court convicted Appellant of the offenses indicated *supra*, and on September 12, 2022, Appellant proceeded to a sentencing hearing. The trial court imposed an aggregate of five years' probation. The Sexual Offender Assessment Board ("SOAB") determined Appellant is not a sexually violent predator. However, Appellant was designated a Tier II offender and ordered to register as a sex offender for 25 years under Revised Subchapter H of the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.42.

On September 20, 2022, Appellant filed a timely, counseled post-sentence motion wherein he, *inter alia*, challenged the application of SORNA. Specifically, he averred Revised Subchapter H created an unconstitutional irrebuttable presumption implicating his right to reputation protected by the Pennsylvania Constitution, the provisions of SORNA are excessively punitive under the United States and Pennsylvania Constitutions, and the provisions of SORNA are unconstitutionally overbroad since the trial court's authority to impose an individualized sentence is removed. Following a November 2, 2022,

evidentiary hearing on the post-sentence motion, by order entered on December 20, 2022, the trial court denied Appellant's post-sentence motion. This timely, counseled appeal followed, and all Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant sets forth the following issues in his "Statement of Questions Involved" (verbatim):

1. Whether the Trial Court erred when it found that the provisions of the Sexual Offender Registration and Notification Act ("SORNA") are applicable to the Appellant as they are based on an unconstitutional irrebuttable presumption?

2. Whether the Trial Court erred when it found the provisions of SORNA are not unconstitutionally punitive, overbroad, and a denial of Due Process?

Appellant's Brief at 5 (suggested answers and bold omitted).

Appellant's issues are intertwined. Specifically, Appellant contends Revised Subchapter H is unconstitutional because it (a) creates an irrebuttable presumption of dangerousness in violation of the right to reputation protected by the Pennsylvania Constitution, (b) constitutes excessive punishment under the United States and Pennsylvania Constitutions, and (c) prevents trial courts from imposing individualized sentences such that it is unconstitutionally overbroad. Appellant suggests that, for these reasons, this Court must vacate his registration requirements.

Initially, we note:

> When an appellant challenges the constitutionality of a statute, the appellant presents this Court with a question of law. *See Commonwealth v. Atwell*, 785 A.2d 123, 125

- 3 -

(Pa.Super. 2001) (citation omitted). Our consideration of questions of law is plenary. *See* [*id.*] (citation omitted). A statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly, palpably, and plainly violates the constitution. *See Commonwealth v. Etheredge*, 794 A.2d 391, 396 (Pa.Super. 2002) (citations omitted). Thus, the party challenging the constitutionality of a statute has a heavy burden of persuasion. *See* [*id.*] (citation omitted).

*Commonwealth v. Howe*, 842 A.2d 436, 441 (Pa.Super. 2004).

Recently, in explaining the development of the law regarding claims such as those raised by Appellant, this Court has set forth the following:

> In [*Commonwealth v.*] *Torsilieri*, [659 Pa. 359, 232 A.3d 567 (2020)], the Commonwealth appealed from the order entered in the Chester County Court of Common Pleas declaring Subchapter H of SORNA II unconstitutional as violative of several provisions of the United States and Pennsylvania Constitutions. Specifically, the trial court found that Subchapter H violated due process through the use of an irrebuttable presumption; that Revised Subchapter H's notification and registration requirements were punitive in nature; and that Revised Subchapter H violated the requirements of *Apprendi* and *Alleyne*,[2] imposed sentences in excess of the statutory maximum, constituted cruel and unusual punishment, and violated the separation of powers doctrines by preventing trial courts from imposing an individualized sentence. *Torsilieri*, *supra*, at 383, 232 A.3d at 582.
>
> Based on the evidence relied upon by the trial court,[3] our Supreme Court decided that the appellee had posed colorable constitutional challenges to Revised Subchapter H's registration

---

[2] *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013).

[3] In *Torsilieri*, the appellee introduced documents and affidavits of three experts, who indicated that sex offenders generally have low recidivism rates and questioned the effectiveness of sex offender registration systems. Although the Commonwealth stipulated to the content of the exhibits offered by the appellee, the Commonwealth did not stipulate to the validity or relevance of the exhibits.

and notification provisions based on his asserted refutation of two legislative determinations: "(1) that all sexual offenders pose a high risk of recidivation and (2) that the tier-based registration system of Revised Subchapter H protects the public from the alleged danger of recidivist sexual offenders." *Id.* at 387, 232 A.3d at 584.

In considering these claims, the Court stated it was "unable to conclude based upon the record currently before [it] whether [the a]ppellee has sufficiently undermined the validity of the legislative findings supporting Revised Subchapter H's registration and notification provisions, especially in light of the contradictory scientific evidence cited by the Commonwealth during this appeal which may refute [the a]ppellee's experts." *Id.* at 388, 232 A.3d at 585.[4] The Court went on to state that "[i]t is not the role of an appellate court to determine the validity of the referenced studies based on mere citations rather than allowing the opportunity for the truths to develop through a hearing on the merits of the evidence. Accordingly, a remand is appropriate to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting offenders' constitutional rights." *Id.* at 388, 232 A.3d at 585 (internal footnote omitted).

In framing the remand, the Court then discussed the extent to which each of the trial court's conclusions of unconstitutionality rested on its crediting of the appellee's scientific evidence. The Court noted that the trial court's analysis of each of the three prongs of the irrebuttable presumption doctrine relied heavily upon the scientific evidence presented by the appellee. *Id.* at 392, 232 A.3d at 587. Thus, the Court concluded that remand was necessary "to allow the parties to present additional argument and evidence to address whether a scientific consensus has developed to overturn the legislative determinations in regard to adult sexual offenders' recidivation rates and the effectiveness of a tier-based registration and notification system as they relate to the prongs

_____

[4] Specifically, in *Torsilieri*, the Commonwealth indicated on appeal that there was a conflict among social scientists regarding recidivism rates of sexual offenders, and the Commonwealth introduced a then-recent study, which refuted the conclusions of the appellee's experts. *Id.* at 384-85, 232 A.3d at 583.

of the irrebuttable presumption doctrine." *Id.* at 392, 232 A.3d at 587-88.

Regarding challenges based upon the trial court's conclusion that Revised Subchapter H's registration and notification provisions are punitive, the Court again "evaluate[d] the degree to which the trial court's conclusions [were] based upon the scientific evidence presented by [the a]ppellee." *Id.* at 393, 232 A.3d at 588. The Court discussed the *Mendoza-Martinez* factors[5] relevant to whether the effect of a statute is punitive (factors 3 and 5 were not relevant to the analysis), and noted that even where the trial court's analysis of the relevant factors did not "overtly rely on [the a]ppellee's scientific evidence[,]...in balancing all of the factors, the court may have weighed [factor 1] more heavily as punitive because of the court's acceptance of [the a]ppellee's expert evidence." *Id.* at 396, 232 A.3d at 590. Thus, the Court said it was "appropriate for the trial court to reevaluate factor 1 after a full hearing on the scientific evidence." *Id. See also id.* at 397-98, 232 A.3d at 591 (recognizing that similar to factor 1, the trial court's analysis of factor 2 did not specifically draw upon the scientific evidence presented by appellee; nevertheless, "we conclude that consideration of the scientific evidence presented on remand may alter the trial court's weighing of this factor"); *id.* at 399, 232 A.3d at 592 (regarding factor 4, concluding "that the court's analysis of this factor also favors remanding for further consideration in light of any additional scientific evidence"); *id.* at 401, 232 A.3d at 593

---

5 In *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963), the United States Supreme Court set forth a seven-factor test as a framework for determining whether a statute is so punitive as to negate the legislature's intention to identify a scheme as civil or regulatory. Specifically, the seven-factor test is as follows:

whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment— retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned are all relevant to the inquiry[.]

*Id.* (internal footnotes omitted).

(noting that "it cannot be disputed that the trial court's evaluation of the [a]ppellee's experts' evidence affected its view of the case. Indeed, it expressly references its evaluation of [factor 6] in its consideration of Factor 7. Thus, the trial court's analysis of this factor also counsels in favor of a remand to develop the record"); *id.* at 402, 232 A.3d at 593 (acknowledging that trial court's evaluation of factor 7 was also tied to strength of the appellee's scientific evidence, which may require reevaluation following presentation of any additional scientific evidence on remand). Thus, the Court concluded that the trial court's "labeling of Revised Subchapter H as punitive was impacted by its assessment of [the a]ppellee's expert evidence such that reevaluation of the balancing of the seven *Mendoza-Martinez* factors is appropriate following presentation of additional scientific evidence on remand." *Id.* at 403, 232 A.3d at 594.

As "[t]he trial court's conclusion that Revised Subchapter H is punitive inevitably resulted in the court's determination that the registration requirements were part of [the a]ppellee's criminal sentence, and thus, subject to the various constitutional and statutory protections[,]" the Court held that the trial court's other holdings that Revised Subchapter H violated *Apprendi/Alleyne*, constituted an illegal sentence, violated constitutional provisions related to cruel and unusual punishment, and violated the separation of powers doctrines, all which flowed from the court's determination that Revised Subchapter H is punitive, similarly must be reevaluated following remand.[6] *Id.*

Our review of the Court's analysis in *Torsilieri* makes clear the importance of the scientific evidence as it pertained to each of the constitutional issues raised by the appellee. In fact, the Court emphasized in its conclusion "that all cases are evaluated on the record created in the individual case." *Id.* at 405, 232 A.3d at 595-96. Thus, the Court declined to address **any** of the constitutional issues raised by the appellee, in the absence of a full evidentiary hearing to resolve those claims.

_____

[6] Notably, upon remand, the trial court conducted an evidentiary hearing and again held that Revised Subchapter H was unconstitutional. The Commonwealth appealed to our Supreme Court, and the matter is still pending. *See* 97 MAP 2022.

Since ***Torsilieri***, this Court has remanded for a full evidentiary hearing to resolve similar constitutional claims, where the parties did not have an opportunity for a hearing before the trial court. ***See, e.g., Commonwealth v. Mickley***, 240 A.3d 957 (Pa.Super. 2020) (vacating order denying motion to bar registration requirements and remanding for evidentiary hearing where court did not permit defense counsel to offer evidence at hearing, despite defense counsel's attempt to do so); ***Commonwealth v. Snyder***, No. 2060 EDA 2019, 2023 WL 315608 (Pa.Super. filed Jan 19, 2023) (unpublished memorandum)[7] (addressing, upon remand from Supreme Court, claims identical to those addressed in ***Torsilieri***; because [the] appellant had not offered any specific scientific evidence or learned testimony in support of his position, this Court remanded to trial court for evidentiary hearing and opportunity for [the] appellant to supplement his arguments with scientific evidence); ***Commonwealth v. Chittester***, Nos. 256 WDA 2020 and 257 WDA 2020, 2023 WL 34009 (Pa.Super. filed Jan 4, 2023) (unpublished memorandum) (remanding for [the] appellant to have opportunity to file post-sentence motion *nunc pro tunc* asserting his constitutional challenges to Revised Subchapter H, after which trial court shall hold hearing to provide both parties opportunity to develop arguments and present evidence so that court may then weigh evidence in determining whether [the] appellant has refuted relevant legislative findings supporting challenged registration and notification provisions of Revised Subchapter H); ***Commonwealth v. Escabal***, No. 1928 EDA 2021, 2022 WL 6643947 (Pa.Super. filed Oct. 11, 2022) (unpublished memorandum) (rejecting [the] appellant's claims to extent he maintains we may invalidate Revised Subchapter H as matter of law and without further factual development before trial court; vacating and remanding for further proceedings at which parties can present evidence for and against relevant legislative determinations and challenges at issue).

_____

[7] Pursuant to Pa.R.A.P. 126(b), unpublished decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value.

***Commonwealth v. Villanueva-Pabon***, \_\_\_ A.3d \_\_\_, 2023 PA Super 222, 2023 WL 7137301 at \*4-6 (Pa.Super. Oct. 31, 2023) (footnotes omitted) (footnotes added) (emphasis in original).

After setting forth the applicable law, this Court in ***Villanueva-Pabon*** noted that the procedural history of the case was distinguishable from those in cases such as ***Mickley***, ***supra***, ***Snyder***, ***supra***, ***Chittester***, ***supra***, and ***Escabal***, ***supra***, where there was no evidentiary hearing in the trial court regarding the respective defendants' constitutional claims. This Court also found the procedural history in ***Villanueva-Pabon*** to be distinguishable from that of ***Torsilieri***, ***supra***, where the Commonwealth stipulated to the content of the appellee's proffered exhibits.

Specifically, in ***Villanueva-Pabon***, this Court noted the trial court held a hearing on the appellant's post-sentence motion and gave the appellant an opportunity to present evidence in support of his constitutional claims. After reviewing the record and the appellant's brief, we concluded that "[the] appellant essentially presented no evidence to overcome the presumption of Revised Subchapter H's constitutionality." ***See id.*** at \*7 (citing ***Commonwealth v. Manzano***, 237 A.3d 1175 (Pa.Super. 2020) (holding the appellant failed to satisfy his burden to prove that Revised Subchapter H provisions applicable to him "clearly, palpably, and plainly" violated constitution where the appellant produced no scientific evidence whatsoever to support his claims that underlying legislative policy infringes on the

appellant's rights; but rather, the appellant simply relied on the trial court's initial decision in *Torsilieri* declaring statute as unconstitutional in attempt to persuade the trial court in his case to reach same conclusion); *Commonwealth v. Outterbridge*, No. 1175 MDA 2021, 2022 WL 2965808 (Pa.Super. filed July 27, 2022) (unpublished memorandum) (explaining that the appellant raised his Subchapter H claims implicating irrebuttable presumption argument before the trial court; however, he failed to present any evidence of scientific studies to support his claim, and, instead, the appellant asked us to resolve his Subchapter H claim as matter of law)). Accordingly, in in *Villanueva-Pabon*, this Court affirmed the imposition of the appellant's registration requirements under SORNA.

In the case *sub judice*, in explaining the reasons it found no merit to Appellant's instant claims, the trial court indicated the following:

> In this case, [Appellant] was convicted of committing statutory sexual assault and indecent assault that occurred between September 12, 2020, and September 13, 2020. Based on those offense dates, [Appellant] was subject to SORNA's Revised Subchapter H, which applies to individuals whose offenses occurred on or after December 20, 2012. ***See*** 42 Pa.C.S.A. §§ 9799.10-9799.42. He was not found to be a sexually violent predator. [Appellant] challenged the constitutionality of SORNA within his post-sentence motion filed on September 20, 2022. On November 10, 2022, a hearing was held to address [Appellant's] claims regarding the application of SORNA. To the best of the [trial] court's recollection, no scientific evidence was presented at that hearing. Furthermore, [Appellant] has not requested a transcript from that hearing. [Appellant] has failed to present any evidence to support his argument that SORNA's Revised Subchapter H is unconstitutional. Therefore,…[Appellant's] claim must fail.

- 10 -

Trial Court Opinion, filed 4/11/23, at 5.

We have reviewed the certified record. While Appellant requested the stenographer transcribe the notes of testimony from his bench trial, which was held on January 31, 2022, he did not request the notes of testimony from either his sentencing hearing, which was held on September 12, 2022, or the post-sentence evidentiary hearing, which was held on November 2, 2022. Consequently, the notes of testimony were neither transcribed nor included in the certified record provided to this Court.

Further, we note Appellant does not challenge the trial court's indication that, although given the opportunity to do so at the post-sentence evidentiary hearing, Appellant presented no scientific evidence in support of his claims, and, thus, Appellant did not overcome the presumption of Revised Subchapter H's constitutionality. Additionally, we note Appellant has not proffered any scientific evidence on appeal in support of his claims.

Rather, on appeal, Appellant suggests that we resolve his Subchapter H claims as a matter of law. However, as this Court noted in *Outterbridge*, "without any evidence of scientific studies, Appellant cannot make 'a colorable argument that the General Assembly's factual presumptions have been undermined by recent scientific studies.'" *Outterbridge*, 2022 WL 2965808, at *4 (citation omitted).

Further, to the extent Appellant argues his own case is proof that the irrebuttable presumption on which SORNA's registration requirements

depends is false since he was designated as a non-SVP offender, and, thus, he is not likely to engage in predatory sexual violent offenses such that requiring him to register as a sex-offender is unconstitutional, we find no relief is due.

In **Commonwealth v. Wolf**, 276 A.3d 805 (Pa.Super. 2022), this Court addressed a claim similar to the one raised by Appellant and held:

> The a]ppellant's claim fails. In **Torsilieri**, the defendant was also "not designated an SVP" and the Supreme Court still concluded that the defendant did not "demonstrate a consensus of scientific evidence as was present to find a presumption not universally true in [**In re J.B.** 630 Pa. 408, 107 A.3d 1 (2014)], nor the 'clearest proof' needed to overturn the General Assembly's statements that the provisions are not punitive." **Torsilieri**, 232 A.3d at 594. Again, in the case at bar, [the a]ppellant invites us to go beyond **Torsilieri**'s holding and conclude that the registration statutes are, as a matter of law, unconstitutional on their face. We decline [the a]ppellant's invitation. **Torsilieri** binds this Court and [the a]ppellant's claim fails, as [the appellant's] unsupported challenge does not "demonstrate a consensus of scientific evidence as was present to find a presumption not universally true in **J.B.**, nor the 'clearest proof' needed to overturn the General Assembly's statements that the provisions are not punitive." **See Torsilieri**, 232 A.3d at 594.

**Wolf**, 275 A.3d at 813.

In the case *sub judice*, as in **Wolf**, Appellant's irrebuttable presumption and constitutionality claims are premised on the fact that he was not classified as an SVP. However, as this Court noted in **Wolf**, Appellant's non-SVP status

does not establish that Subchapter H is unconstitutional. ***See id. See also Outterbridge***, ***supra***.[8]

Accordingly, for all of the aforementioned reasons, we conclude Appellant is not entitled to relief,[9] and we affirm.

Affirmed.

_____

[8] In ***Outterbridge***, the appellant failed to ensure the post-sentence hearing transcript was transcribed and provided to this Court. Moreover, similar to the instant case, the appellant provided no evidence to this Court; but rather, the appellant asked this Court to determine, as a matter of law, that Revised Subchapter H was unconstitutional. Relying on ***Wolf***, we found no merit to the appellant's claim in ***Outterbridge***.

[9] In ***Commonwealth v. Thorne***, ____ Pa. ____, 276 A.3d 1192 (2022), our Supreme Court held that our "legality of sentencing jurisprudence—*i.e.*, that challenges implicating the legality of a sentence cannot be waived—applies equally to constitutional challenges to Revised Subchapter H of SORNA." ***See Thorne***, ***supra***, 276 A.3d at 1196. The ***Thorne*** Court explained its holding "would have no meaning if individuals seeking to challenge Revised Subchapter H on constitutional grounds were required to present evidence in support thereof during [the] underlying criminal proceedings in order to preserve the issue." ***Id.*** at 1198 n.13.

In the case *sub judice*, we do not find Appellant waived his Subchapter H claims nor do we conclude he failed to adequately preserve his issues. Rather, we conclude that because Appellant did not present any evidence to establish his claims, either before the trial court or on appeal, he has failed to meet his burden to prove Subchapter H is unconstitutional. ***See Outterbridge***, ***supra***.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 01/03/2024