J-S06005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VLADIMIR V. PODOBAYEV | : | |
| | : | |
| Appellant | : | No. 899 MDA 2022 |

Appeal from the Judgment of Sentence Entered July 7, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0006110-2019

BEFORE:   STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED JULY 25, 2024**

Appellant Vladimir V. Podobayev appeals from the judgment of sentence imposed following his conviction for indecent assault of a person less than thirteen years of age.[1]   Appellant argues that the trial court erred by failing to hold an evidentiary hearing on his constitutional challenge to the registration requirements under the Sexual Offender Registration and Notification Act[2] (SORNA).  We affirm.

The underlying facts of this matter are well known to the parties.  ***See*** Trial Ct. Op., 8/17/22, 1-4.  Briefly, Appellant was convicted of indecent assault after he abused a seven-year-old victim in 2009 or 2010.  Prior to

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3126(a)(7).

[2] 42 Pa.C.S. §§ 9799.10 – 9799.75.

sentencing, the Sexual Offenders Assessment Board (SOAB) determined that Appellant was not a sexually violent predator. On July 7, 2021, the trial court sentenced Appellant to nine to sixty months' imprisonment with work release conditions. He was also ordered to comply with SORNA's registration requirements.

On July 16, 2021, Appellant filed a timely post-sentence motion in which he argued that SORNA was unconstitutional. However, Appellant requested that the trial court stay the evidentiary hearing "pending disposition of **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020) (**Torsilieri I**),[3] which will frame and most likely completely resolve the issues raised herein." **See** Post-Sentence Mot., 7/16/21, at 9. The trial court subsequently scheduled a hearing for June 6, 2022. At that time, the Commonwealth noted that the Supreme Court had issued a decision in **Torsilieri I** and remanded the matter for the trial court "to discuss whether or not the SORNA registration requirements [under Subchapter H] would implicate the defendant's Sixth Amendment rights." N.T. Hr'g, 6/6/22, at 5-6. However, Appellant made no effort to present evidence to support his irrebuttable presumption claim, nor did he request that the trial court schedule an additional hearing for that purpose. **See id.** at 5-9.

_____

[3] We note that this case returned to our Supreme Court following remand in **Torsilieri I**. **See Commonwealth v. Torsilieri**, 97 MAP 2022, 2024 WL 2789201 (Pa. filed May 31, 2024) (**Torsilieri II**) (addressing Subchapter H and holding that the presumption that adult sex offenders posed high risk of reoffending did not violate due process, and SORNA's notification and registration requirements were not punitive).

Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement.[4] The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issue for review:

Did the trial court err by summarily ordering [Appellant] to file his appeal without first conducting any evidentiary hearing into Appellant's complaints that the SORNA registration requirement(s) violate the [Pennsylvania] and U.S. Constitutions in this particular case?

Appellant's Brief at 5.

In his sole claim, Appellant argues that the trial court erred in failing to conduct an evidentiary hearing regarding Appellant's challenge to his SORNA registration requirements. *Id.* at 13-28. In support of his underlying constitutional claim, Appellant asserts that SORNA's registration requirements "violate due process . . . by mandating an irrebuttable presumption or risk and recidivism which is employed identically in both Subchapter H and I." *Id.* at 15. Appellant also claims that the statute fails to provide notice and an opportunity to be heard and also violates the separation of powers doctrine.

_____

[4] Although Appellant referred to Subchapter H in his Pa.R.A.P. 1925(b) statement, it is clear that Appellant was not subject to registration under that subsection and his reference to Subchapter H was likely a typographical error. Further, we conclude that this matter is ripe for appellate review, and we are not hindered by this apparent mistake. *See* Commonwealth's Response to Appellant's Post-Sentence Motions, 8/9/21, at 1-2, 6-10 (unpaginated); N.T., 6/6/22, at 6, 7 (reflecting that Appellant committed the offense between 2009 and 2010, and was therefore subject to registration under Subchapter I, not Subchapter H).

*Id.* at 15. Appellant further argues that SORNA's registration requirements are punitive. *Id.* at 22-28.

Appellant's claims "raise questions of law for which our standard of review is *de novo* and our scope of review is plenary." *Torsilieri I*, 232 A.3d at 575 (citation omitted). In resolving such claims, our Supreme Court has explained that

> [i]n addressing constitutional challenges to legislative enactments, we are ever cognizant that "the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society," but also that "any restriction is subject to judicial review to protect the constitutional rights of all citizens." *In re J.B.*, 107 A.3d 1, 14 (Pa. 2014). We emphasize that "a party challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution."

*Id.* (some citations omitted).

After *Torsilieri I* was decided, this Court has remanded cases for further proceedings in matters where the defendant raised an irrebuttable presumption claim, but did not have an opportunity to present evidence before the trial court. *See, e.g., Commonwealth v. Asher*, 244 A.3d 27, 33 (Pa. Super. 2020) (noting that although the appellant raised his SORNA challenges in a post-sentence motion, the trial court denied the motion without a hearing); *Commonwealth v. Mickley*, 240 A.3d 957, 961-63 (Pa. Super. 2020) (remanding for an evidentiary hearing on the defendant's SORNA claims where the trial court did not permit defense counsel to offer evidence at hearing, despite defense counsel's attempt to do so); *Commonwealth v.*

*Krout*, 1574 MDA 2021, 2022 WL 4100974, at *8 (Pa. Super. filed Sept. 8, 2022) (remanding for an evidentiary hearing where petitioner raised irrebuttable presumption challenge but "was precluded from presenting any scientific evidence that SORNA registration requirements violated his due process rights") (unpublished mem.); *Commonwealth v. Escabal*, No. 1928 EDA 2021, 2022 WL 6643947, at *7 (Pa. Super. filed Oct. 11, 2022) (concluding that remand was necessary because "although [the a]ppellant presented pre- and post-sentence motions challenging the validity of Revised Subchapter H, the trial court did not entertain evidence relating to those objections") (unpublished mem.).[5]

However, this Court has declined to remand cases based on *Torsilieri I* where the defendant failed to present any evidence supporting an irrebuttable presumption claim before the trial court or on appeal. *See Commonwealth v. Villanueva-Pabon*, 304 A.3d 1210, 1213-14 (Pa. Super. 2023). In *Villanueva-Pabon*, this Court noted that our Supreme Court's decision "in *Torsilieri* [*I*] ma[de] clear the importance of the scientific evidence as it pertained to each of the constitutional issues raised." *Id.* at 1217. However, the appellant in *Villanueva-Pabon* had "produced no scientific evidence whatsoever to support his claims that underlying legislative policy infringes on [the] appellant's rights[.]" *Id.* at 1218. Instead, the Court explained that the appellant had "made a strategic decision to forego offering

---

[5] *See* Pa.R.A.P. 126(b) (stating that we may cite to unpublished memoranda filed after May 1, 2019 for persuasive value).

- 5 -

live testimony in the hope that the trial court or this Court would stay any decision on the merits pending the outcome of the remand hearing in *Torsilieri [I]*." *Id.* Therefore, the *Villanueva-Pabon* Court rejected the defendant's SORNA challenge and declined to remand the matter for further proceedings. *Id; see also Commonwealth v. Manzano*, 237 A.3d 1175, 1182 (Pa. Super. 2020) (declining to remand for further proceedings and concluding that "unlike the defendant in *Torsilieri* [*I*, the a]ppellant has produced no scientific evidence whatsoever to support his claims that the underlying legislative policy infringes on [the a]ppellant's rights").

In the instant case, Appellant filed a post-sentence motion in which he argued that SORNA was unconstitutional and requested that the trial court stay the evidentiary hearing "pending disposition of [*Torsilieri I*], which will frame and most likely completely resolve the issues raised herein." *See* Post-Sentence Mot., 7/16/21, at 9. As noted previously, although the trial court held a status hearing on June 6, 2022, Appellant made no effort to present evidence to support his irrebuttable presumption claim, nor did he request that the trial court schedule an additional hearing for that purpose. *See id.* at 5-9. Additionally, Appellant does not present any evidence to support his claim on appeal. Therefore, because Appellant has failed to present any evidence that Subchapter I "clearly, palpably, and plainly" violates the constitution, *see Villanueva-Pabon*, 304 A.3d at 1213-14, he is not entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

PJE Stevens joins the memorandum.

Judge Stabile concurs in the result.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>07/25/2024</u>