**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :       PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| KHALIL SWEET | : |
| | : |
| Appellant | : No. 63 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 11, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0003834-2024

BEFORE: PANELLA, P.J.E., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                 **FILED JUNE 26, 2026**

Appellant, Khalil Sweet, appeals from his judgment of sentence of four years' probation for carrying a firearm without a license, carrying a firearm in public in Philadelphia and recklessly endangering another person ("REAP").[1] We affirm.

On May 8, 2024, Appellant, who was eighteen years old, possessed a Glock .40 caliber firearm. He engaged in a shootout and discharged the gun. Members of the Philadelphia Police Department later encountered Appellant and retrieved the firearm from his waistband. Appellant was charged with aggravated assault, firearms violations under 18 Pa.C.S.A. §§ 6106 and 6108, simple assault, and REAP.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6106, 6108, and 2705, respectively.

Appellant filed a motion to dismiss the two firearms charges on the grounds that (1) Sections 6106 and 6108 violate the right to bear arms guaranteed by the Second and Fourteenth Amendments of the United States Constitution, (2) Sections 6106 and 6108 independently violate Article 1, Section 21 of the Pennsylvania Constitution; (3) 18 Pa.C.S.A. § 6109, which bars adults who are 18, 19, or 20 years old from applying for or receiving a license to carry firearms, violates the Fourteenth Amendment of the United States Constitution; and (4) Section 6109's age restriction independently violates Article III, Section 32 of the Pennsylvania Constitution's prohibition against special legislation. The trial court denied the motion to dismiss.

On October 9, 2024, Appellant entered a negotiated guilty plea in which he pled guilty to Sections 6106 and 6108 as well as REAP. As conditions of his plea, Appellant reserved the right to appeal the denial of his motion to dismiss his firearms charges, and the Commonwealth agreed to drop the aggravated assault and simple assault charges. On December 11, 2024, the court entered sentence. Appellant filed a timely appeal to this Court, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in this appeal: "Whether the lower court erred in denying [Appellant's] motion to dismiss, because 18 Pa.C.S.[A.] §§ 6106, 6108 & 6109 violate the rights of 18-20-year old individuals to bear arms under U.S. CONST. AMENDS. II & XIV as well as the greater liberty protections under PA. CONST. ART. I, §§ 1 & 21?" Appellant's Brief at 2.

Section 6106 of the Uniform Firearms Act, entitled "Firearms not to be carried without a license," provides in relevant part:

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

(2) A person who is otherwise eligible to possess a valid license under this chapter but carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license and has not committed any other criminal violation commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6106(a).

Section 6108 of the Uniform Firearms Act, entitled "Carrying firearms on public streets or public property in Philadelphia," provides:

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1) such person is licensed to carry a firearm; or

(2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S.A. § 6108.

Section 6109 of the Uniform Firearms Act, entitled "Licenses," provides in relevant part, "An individual who is 21 years of age or older may apply to a sheriff for a license to carry a firearm concealed on or about his person or in a vehicle within this Commonwealth." 18 Pa.C.S.A. § 6109(b).

Before proceeding further, we note that during Appellant's guilty plea hearing, while describing the factual basis for his plea, the Commonwealth stated that the police recovered a Glock firearm "from [Appellant] from his waistband." N.T., 10/9/24, at 14. Arguably, this did not satisfy the element of concealment in Section 6106, since a handgun can be visible even when carried in a person's waistband. *See*, *e.g.*, *Commonwealth v. Sumpter*, 340 A.3d 977, 980 (Pa. Super. 2025) ("[p]olice observed Appellant walking on a street in Philadelphia with the handle of a handgun visibly protruding from his waistband"). Nevertheless, by pleading guilty to Section 6106, Appellant has waived any challenge to the sufficiency of the evidence underlying his conviction. *See Commonwealth v. Adams*, 327 A.3d 667, 669 (Pa. Super. 2024) ("Generally, upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and … the 'legality' of the sentence imposed"); *Commonwealth v. Williams*, 660 A.2d 614, 619 (Pa. Super. 1995) ("[A]ny issue relating to the sufficiency of the evidence is waived by entry of guilty plea"). Thus, for purposes of this appeal, we conclude that Appellant concealed a firearm on his person.

Appellant bears "a heavy burden of persuasion" in challenging the constitutionality of Sections 6106, 6108 and 6109. *Commonwealth v. Villanueva-Pabon*, 304 A.3d 1210, 1214 (Pa. Super. 2023). "A statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly, palpably, and plainly violates the constitution." *Id.* In considering

- 4 -

this type of challenge, any doubts "are resolved in favor of a finding of constitutionality." *Commonwealth v. Bullock*, 913 A.2d 207, 212 (Pa. 2006).

Appellant argues that Sections 6106, 6108 and 6109 are unconstitutional on their face and as applied to him. We have explained the distinction between facial and as-applied constitutional challenges:

> [A] defendant may contest the constitutionality of a statute on its face or as-applied. A facial attack tests a law's constitutionality based on its text alone and does not consider the facts or circumstances of a particular case. An as-applied attack, in contrast, does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right. A criminal defendant may seek to vacate his conviction by demonstrating a facial or as-applied unconstitutionality.

*Commonwealth v. Bradley*, 232 A.3d 747, 757 (Pa. Super. 2020).

The Second Amendment to the United States Constitution states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), the United States Supreme Court considered a constitutional challenge to New York's discretionary firearm licensing regime. The Court articulated a two-step framework for applying the Second Amendment, requiring courts to determine: (1) whether the Second Amendment's plain text covers the individual's conduct at issue; and (2) if so, whether the regulation is consistent with this Nation's historical tradition of firearm

regulation. *Id.* at 24. In *United States v. Rahimi*, 602 U.S. 680 (2024), the Court reaffirmed that the right to keep and bear arms is fundamental but not unlimited and upheld a firearm prohibition, supported by historical analogues, disarming individuals who pose a threat of violence. *Id.*, 602 U.S. at 688.

Importantly, neither *Bruen* nor *Rahimi* "held that there is a right to openly carry a firearm without obtaining a license to do so. Rather, *Bruen* explicitly recognized that states may constitutionally impose non-discretionary measures to ensure that only 'law-abiding, responsible citizens' 'bear[] arms in the jurisdiction.'" *Commonwealth v. Sumpter*, 340 A.3d 977, 993 (Pa. Super. 2025) (quoting *Bruen*, 597 U.S. at 38 n.9).

Recently, in *Commonwealth v. Williams*, 341 A.3d 144 (Pa. Super. 2024), *appeal granted in part*, 352 A.3d 455 (Pa. 2026), this Court addressed constitutional challenges to Sections 6106 and 6109 that are materially identical to the arguments raised by Appellant in the present case. In *Williams*, the Commonwealth charged the nineteen-year-old defendant with possessing a firearm without a license. Appellant argued that sections 6106 and 6109 violated the Second Amendment and Article 1, Section 21 as applied to his conduct under *Bruen*. *See id.* at 147-48. Applying *Bruen's* two-step framework, we determined that carrying a concealed firearm without a license was conduct protected by the Second Amendment's plain text. *Id.* at 154. Next, we held that section 6109's twenty-one-year age requirement was consistent with the nation's historical tradition of firearm regulation. *Id.* at

154-56. In doing so, we explained that individuals between eighteen and twenty-one were historically treated as minors and subject to legal restrictions based on concerns about judgment and maturity. *Id.* at 155-56.

In support of his challenge against Section 6109, the defendant in *Williams* cited the Second Militia Act of 1792, § 1 ("Second Militia Act")[2] to argue against the constitutionality of section 6109. *Williams*, 341 A.3d at 156. We found the Second Militia Act argument unpersuasive on the ground that the act was a militia enrollment statute designed to ensure collective defense readiness and did not recognize an unfettered individual right to carry firearms in public. *Id.*

The defendant in *Williams* also relied on *Lara v. Evanchick*, 91 F.4th 122 (3d Cir. 2024) ("*Lara I*"), in which the Third Circuit held that the combined operation of Sections 6106, 6108 and 6109 violated the rights of

_____

[2] The Second Militia Act provides, in relevant part:

> That every citizen, so enrolled and notified, shall, within six months thereafter, provide himself with a good musket or firelock, a sufficient bayonet and belt, two spare flints, and a knapsack, a pouch, with a box therein, to contain not less than twenty four cartridges, suited to the bore of his musket or firelock, each cartridge to contain a proper quantity of powder and ball; or with a good rifle, knapsack, shot-pouch, and powder-horn, twenty balls suited to the bore of his rifle, and a quarter of a pound of powder; and shall appear so armed, accoutred[,] and provided, when called out to exercise or into service, except, that when called out on company days to exercise only, he may appear without a knapsack…

*Id.*

18- to 20-year olds under the Second Amendment. ***Lara I***, 91 F.4th at 132-34. We declined to follow ***Lara I,*** noting that federal decisions other than those of the United States Supreme Court are not binding on this Court. ***Williams***, 341 A.3d at 156.

We also rejected the argument that Article I, Section 21 of the Pennsylvania Constitution afforded broader protection than the Second Amendment, noting that this Court has repeatedly declined to interpret Pennsylvania's arms-bearing provision as providing greater protection. ***Id.*** at 158-59.

Ultimately, ***Williams*** held that sections 6106 and 6109, including the twenty-one-year age requirement, did not violate the Second Amendment as applied to eighteen-to-twenty-year-olds. ***Id.*** at 160.

Although Appellant claims to raise both facial and as-applied challenges to the constitutionality of Sections 6106 and 6109, the arguments in his brief are virtually identical to the arguments addressed in ***Williams***. Thus, ***Williams*** is binding on this Court and requires us to reject Appellant's challenges to Sections 6106 and 6109. ***Williams*** remains binding precedent even though the Supreme Court has granted *allocatur* in that case. ***See Marks v. Nationwide Ins. Co.,*** 762 A.2d 1098, 1101 (Pa. Super. 2000) ("as long as the decision has not been overturned by our Supreme Court, a decision by our Court remains binding precedent"). Pursuant to ***Williams,*** we conclude that section 6109's licensing scheme, including the twenty-one-year age

requirement, is consistent with this Nation's historical tradition of firearm regulation. ***Id.***, 341 A.3d at 160.

One minor difference between Appellant's argument in the present case and the defendant's argument in ***Williams*** deserves mention. While the defendant in ***Williams*** relied on ***Lara I***, Appellant refers us to ***Lara v. Commissioner Pennsylvania State Police***, 125 F.4th 428 (3d Cir. 2025) ("***Lara II***"), a decision issued one year after ***Lara I***. It was necessary for the Third Circuit to decide ***Lara II*** because the Pennsylvania State Police Commissioner appealed ***Lara I*** to the United States Supreme Court, which remanded the case to the Third Circuit for further consideration in light of ***Rahimi***. In ***Lara II***, the Third Circuit reaffirmed its determination in ***Lara I***. ***Id.*** at 431 ("***Rahimi*** sustains our prior analysis" in ***Lara I***). Consistent with ***Williams'*** decision that ***Lara I*** does not bind Pennsylvania courts, we conclude that ***Lara II*** is not binding on this panel.

Accordingly, we reject Appellant's constitutional challenge to Sections 6106 and 6109.

We also decline to accept Appellant's argument that Section 6108 violates the constitutional rights of 18- to 20-year-old individuals to carry firearms in public. In ***Commonwealth v. Carlton***, 2026 WL 607344 (Pa. Super., Mar. 4, 2026) (unpublished memorandum), we rejected the defendant's challenge to Section 6108's constitutionality for the following reasons:

[T]his Court recently held that Section 6108 was unconstitutional when applied to individuals under twenty-one who seek to obtain an **open carry** permit in Philadelphia, as it conflicts with the eighteen-year-old age requirement that is in effect for the rest of Pennsylvania. *See Commonwealth v. Sumpter*, 340 A.3d 977, 981 (Pa. Super. 2025) (analyzing the constitutionality of Section 6108 "insofar as it prohibits the unlicensed open carry of firearms on public streets and public property in the city of Philadelphia," but declining to "address the overlap between § 6108 and § 6106, insofar as both statutes criminalize unlicensed concealed carry within the city of Philadelphia and therefore subject violators in Philadelphia to two convictions for that offense"); *see also Commonwealth v. Hell*, 1533 EDA 2024, 2025 WL 2612075, at *5 n.7 (Pa. Super. filed Sept. 10, 2025) (unpublished mem.) (explaining that *Sumpter* applied to cases involving unlicensed open carry in Philadelphia, but not concealed carry); *Commonwealth v. Woods*, 701 EDA 2024, 2025 WL 3141726, at *2 n.3 (Pa. Super. filed Nov. 10, 2025) (unpublished mem.) (same).

However, here, Appellant pled guilty to violating Section 6108 for carrying a concealed firearm. Therefore, the *Sumpter* decision, which applies solely to open carry permits, does not affect Appellant's conviction for carrying a concealed firearm. Further, to the extent Appellant claims that he may be entitled to relief in the future, it is well settled that courts remain bound by existing precedent that is in effect during the litigation, including any changes in applicable law unless explicitly designated in the applicable legislation. Therefore, the trial court did not have the authority to provide an open-ended, indefinite opportunity for Appellant to appeal based on future changes in the law. *See Commonwealth v. Reed*, 107 A.3d 137, 143 (Pa. Super. 2014) (stating that we are bound by existing precedent until such time it is overturned).

Accordingly, Appellant is not entitled to relief. *See Commonwealth v. Carthon*, 3208 EDA 2022, 2025 WL 2218956, at *2 (Pa. Super. filed Aug. 5, 2025) (unpublished mem.) (rejecting the argument that Section 6108 is unconstitutional because the appellant was a person between the ages of eighteen and twenty who could not obtain a license to carry a firearm in public in Philadelphia, and further concluding that the prohibition on firearms for individuals between eighteen and twenty one years of age was consistent with the United

- 10 -

States' historical tradition of regulating firearms, and, therefore, the prohibition was constitutional); *see also Commonwealth v. Rosario*, 342 A.3d 770, 774-79 (Pa. Super. 2025) (rejecting a challenge by a twenty-year old appellant claiming that Section 6106 violates the Second Amendment of the United States Constitution and Article 1, Section 21 of the Pennsylvania Constitution by infringing upon the right of eighteen-to-twenty-year-olds to carry a firearm in a vehicle in public, and holding that Section 6106(a)(1), as applied to the appellant was consistent with the United States' historical tradition of regulating firearms); [*Williams*], 341 A.3d [at] 150-59.

*Id.*, 2026 WL 607344, at *5-6 (cleaned up). We find *Carlton's* reasoning persuasive. *See* Pa.R.A.P. 126(b) (Superior Court may rely on its unpublished decisions filed after May 1, 2019 for their persuasive value).

Here, as in *Carlton*, Appellant pled guilty to carrying a concealed firearm. Therefore, our decision in *Sumpter* does not apply. Furthermore, as in *Carlton*, we conclude that the prohibition in Philadelphia on individuals between 18 and 21 years of age carrying concealed firearms is consistent with the United States' historical tradition of regulating firearms. Thus, this prohibition does not violate the Second Amendment. Lastly, as in *Williams,* we hold that Article I, Section 21 of the Pennsylvania Constitution does not afford broader protection than the Second Amendment. *Id.* at 158-59.

For these reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:   6/26/2026